IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| R.G., by and through C.G., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| | ) Case No.: 7:09-CV-1369-RDP |
| v. | ) |
| | ) |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| MENTAL HEALTH, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Comes now the Alabama Department of Mental Health, the Defendant in the above styled cause [hereinafter referred to as Department or Defendant], and responds as follows to the Plaintiff's First Request for Production:

### GENERAL OBJECTIONS

1. Defendant objects to any and all discovery requests to the extent they are vague, overly broad, unduly burdensome, harassing and/or not calculated to lead to the discovery of relevant or admissible evidence.

2. Defendant objects to any and all discovery requests to the extent they seek information protected from discovery by any privilege, including the attorney-client privilege, the attorney work-product doctrine, the psychologist/psychiatrist-patient privilege, quality

PLAINTIFF'S
EXHIBIT
17

assurance privilege, law enforcement investigatory privilege, or any other applicable privilege or immunity.

3. Defendant objects to any and all discovery requests to the extent they seek the identification of documents, writings, records, or publications in the public domain since such information is equally available to the Plaintiff.

4. Defendant objects to any and all discovery requests to the extent they require the Defendant to prepare the Plaintiff's case, and to determine what Plaintiff should deem relevant to or supportive of certain claims and allegations; as such, the discovery requests are not a proper method of discovery.

5. Defendant objects to any and all discovery requests which are not reasonably limited in time and/or scope.

6. Defendant objects to any and all discovery requests to the extent they contain certain key terms which are not defined or that are unreasonably compound, disjunctive, or conjunctive.

7. Defendant objects to any and all discovery requests propounded by Plaintiff to the extent that some of the information sought by the discovery requests is in the possession and control of the Plaintiff.

8. Defendant objects to the discovery requests to the extent they seek to impose obligations upon the Defendant beyond the scope of the requirements of the *Federal Rules of Civil Procedure*.

9. Defendant objects to the discovery requests to the extent and on the grounds that the information and documents requested are not described with reasonable particularity as required by Rule 34(b) of the *Federal Rules of Civil Procedure*.

10.     To the extent that Defendant possesses any non-privileged, relevant documents, requested by Plaintiff, those documents will be identified in their respective responses to Plaintiff's request for production of documents.

11.     Defendant objects to those requests that request documents in the possession of another party.

These "General Objections" are intended to be applicable to and incorporated into each of the Defendant's responses, *infra*, as if specifically stated therein. The stating of specific objections to a particular request shall not be construed as a waiver of the Defendant's "General Objections."

Unless otherwise specifically stated, the Defendant's objections to each discovery request apply to the entire request, including each and every subsection and/or subpart of the request.

## RESPONSE TO REQUEST FOR PRODUCTION[1]

**1.     Produce any and all videotapes in any way relating to any allegation of abuse and/or neglect concerning Rod Gooden from the date he first came to Partlow to the present.**

There is surveillance video for limited areas at Partlow Developmental Center [hereinafter Partlow]. For example, the surveillance camera system does not cover patient bedrooms and bathrooms. The camera footage is maintained in the system for a limited period of time and, if not needed, is deleted. There was no camera data available and/or maintained for any of the "incidents" involving Rod Gooden (listed in interrogatory #3 of Plaintiff's First Interrogatories).

**2.    Produce color copies of any and all photographs that were taken of the injuries to Rod Gooden relating to any incident and/or injury he suffered while a resident at Partlow.**

In some instances such photos do exist (see Exhibit A to Defendant's Response to Plaintiff's First Interrogatories). However, any such documents would be a part of the materials included in (or prepared in conjunction with) the documents which make up Partlow's report of the investigation into the incidents which are listed in interrogatory #3 of Plaintiff's First Interrogatories. These investigation materials are related to Partlow's administrative and quality improvement function review of these incidents. The Department objects to providing copies of said administrative and quality improvement documents or parts of documents because these items are protected from disclosure by Ala. Code §22-21-8. In some instances these items are also protected from disclosure by Ala. Code §12-21-3.1 which makes privileged law enforcement investigative reports.

**3.    Produce the Personnel Files, applications, and any and all other documentation, for the following:**

    **a.    Perry Walker**

    **b.    Patrice Johnson**

    **c.    James Kelly**

    **d.    Steven Murray**

    **e.    Belinda Smith**

    **f.    Curtis Henry**

    **g.    LaTonya Williams**

    **h.    Gerald Boyd**

---

[1] The Plaintiff's requests are in bold.

i. Alvin Underwood

j. Keith Young

k. Mr. Gill, (first name unknown)

l. K. Miles (first name unknown)

m. Loretta Thomas

n. B. Thomas (first name unknown)

o. Deloris (last name unknown)

p. Eddie Scroggins

q. Jackson (first name unknown)

r. Retha Burton

s. W. Foster (first name unknown)

t. Herman Giles

u. Yarbrough (first name unknown)

v. B. Owens (first name unknown)

w. M. Lilly (first name unknown)

x. And/or any and all other mental health workers, supervisors, nurses, and any and all other employees or independent contractors of the Department, responsible for supervising and/or caring for Rod Gooden, from the date he first came to Partlow to the present date.

The personnel files for the employees listed are available for viewing at Partlow. With respect to item "x", see the Defendant's response to interrogatory #2 of Plaintiff's First Interrogatories. The personnel files of the individuals identified by the Client Accountability Sheets can also be viewed at Partlow.

4. Produce any and all documentation relating to allegations of abuse and/or neglect by staff members of the Department charged with caring for and/or supervising and/or monitoring Rod Gooden.

Such non-privileged documents can be produced once such individuals are identified (by the Plaintiff's review of the Accountability Sheets described in the response to interrogatory #2 of Plaintiff's First Interrogatories, such information can be provided.

5. Produce any and all documentation relating to allegations of abuse and/or neglect against any of the following persons:

    a. Perry Walker

    b. Patrice Johnson

    c. James Kelly

    d. Steven Murray

    e. Belinda Smith

    f. Curtis Henry

    g. LaTonya Williams

    h. Gerald Boyd

    i. Alvin Underwood

    j. Keith Young

    k. Mr. Gill, (first name unknown)

    l. K. Miles (first name unknown)

    m. Loretta Thomas

    n. B. Thomas (first name unknown)

    o. Deloris (last name unknown)

    p.    Eddie Scroggins

    q.    Jackson (first name unknown)

    r.    Retha Burton

    s.    W. Foster (first name unknown)

    t.    Herman Giles

    u.    Yarbrough (first name unknown)

    v.    B. Owens (first name unknown)

    w.    M. Lilly (first name unknown)

    x.    And/or any and all other mental health workers, supervisors, nurses, and any and all other employees or independent contractors of the Department, responsible for supervising and/or caring for Rod Gooden, from the date he first came to Partlow to the present date.

    a.    Perry Walker

          Allegation of physical abuse (4/25/09) substantiated.

    b.    Patrice Johnson

          Allegation of mistreatment (5/31/05) substantiated.

    c.    James Kelly

          Allegation of physical abuse (4/6/05) not substantiated.

    d.    Steven Murray

          Allegation of neglect (10/25/09) substantiated.

    e.    Belinda Smith

          No allegations.

    f.    Curtis Henry:

      Allegation of physical abuse (6/30/05) not substantiated.
      Allegation of sexual abuse (8/15/05) not substantiated.
      Allegation of physical abuse and neglect (7/15/06) substantiated.
      Allegation of physical abuse (10/9/06) not substantiated.

      Allegation of physical abuse (5/2/07) not substantiated.
      Allegation of physical abuse (12/11/07) not substantiated.
      Allegation of neglect (7/22/08) substantiated.
      Allegation of physical abuse (8/22/08) not substantiated.

   g.     Latonya Williams

      Allegation of neglect (6/21/05) not substantiated.
      Allegation of neglect (9/2/05) not substantiated.
      Allegation of verbal abuse (10/21/05) not substantiated.
      Allegation of neglect (7/8/06) not substantiated.
      Allegation of exploitation (5/24/07) not substantiated.
      Allegation of physical abuse (9/25/07) not substantiated.
      Allegation of verbal abuse (9/11/08) not substantiated.
      Allegation of verbal abuse (11/12/08) not substantiated.
      Allegation of verbal abuse (12/19/08) not substantiated.
      Allegation of verbal abuse (12/22/08) not substantiated.
      Allegation of verbal abuse (4/7/09) not substantiated.
      Allegation of verbal abuse (6/24/09) not substantiated.

   h.     Gerald Boyd

      Allegation of physical abuse (12/1/05) not substantiated.
      Allegation of physical abuse (1/5/07) not substantiated.
      Allegation of physical abuse (12/22/07) not substantiated.

   i.     Alvin Underwood

      Allegation of physical abuse (4/17/05) not substantiated.
      Allegation of physical abuse 11/10/05) not substantiated.
      Allegation of physical abuse (1/23/05) not substantiated.
      Allegation of physical abuse 12/14/06) not substantiated.
      Allegation of physical abuse (1/16/07) not substantiated.
      Allegation of physical abuse (12/31/07) not substantiated.
      Allegation of physical abuse (1/20/09) not substantiated.
      Allegation of physical abuse (3/10/09) not substantiated.
      Allegation of physical abuse (4/10/09) not substantiated.

   j.     Keith Young

      No allegations.

k.  Nirmal Gill

    No allegations.

l.  K. Miles

    None reported.

m.  Loretta Thomas

    Allegation of physical abuse (6/8/05) not substantiated.

n.  Barbara Thomas

    None reported.

o.  Deloris Grice

    None reported.

p.  Eddie Scroggins

    Allegation of neglect (9/25/05) substantiated.

q.  Retha Burton

    None reported.

r.  Wilma Foster

    None reported

s.  Herman Giles

    Allegation of verbal abuse (4/13/09) not substantiated.
    Allegation of verbal abuse (8/12/09) not substantiated.

t.  Brandon Owens

    None reported.

u.  M. Uly

    Allegation of verbal abuse (4/14/05) not substantiated).

Non-privileged documents related to allegations leveled against these employees can be found in their personnel files which are available for viewing at Partlow. With respect to item "x", see the Defendant's response to interrogatory #2 of Plaintiff's First Interrogatories. The personnel files of the individuals identified by the Client Accountability Sheets can also be viewed at Partlow.

6. **Produce any and all documentation, including but not limited to, accountability sheets, nursing shift logs, client checklists, accountability checklists, C.C. Reports, incident reports, investigative reports, BSI Reports, accountability sheets, interdisciplinary notes, supervisor shift-to-shift logs, supervisor notes, nursing logs, photos, and/or videos for the following dates for any and all employees, mental health workers, nurses, supervisors, and/or independent contractors who were responsible for caring for and/or supervising Rod Gooden and/or any such documentation relating to Rod Gooden:**

    a.    6/29/05 (alleged physical abuse by staff)

    b.    6/30/05 (alleged physical abuse by staff)

    c.    4/2/05 (alleged physical abuse by staff)

    d.    3/30/05 (alleged physical abuse by staff)

    e.    7/4/05 (alleged neglect by staff)

    f.    7/22/08 (alleged physical abuse by staff)

    g.    9/25/05 (alleged neglect by staff)

    h.    6/7/07 (injured when thrown from wheelchair in wheelchair van)

    i.    8/27/07 (alleged physical abuse by staff)

    j.    1/24/08 (alleged physical abuse by staff)

    k.    3/5/08 (raped by co-resident)

l.   4/27/08 (alleged neglect by staff)

m.   4/28/08 (alleged physical abuse by staff)

n.   7/27/08 (alleged physical abuse by staff)

o.   8/7/08 (alleged physical abuse by staff)

Any such documents would be a part of the materials included in (or prepared in conjunction with) the documents which make up Partlow's report of the investigation into the listed incidents. These investigation materials are related to Partlow's administrative and quality improvement function review of these incidents. The Department objects to providing copies of said administrative and quality improvement documents or parts of documents because these items are protected from disclosure by Ala. Code §22-21-8. In some instances these items are also protected from disclosure by Ala. Code §12-21-3.1 which makes privileged law enforcement investigative reports.

7.   **Produce any and all tapes from the Vicore Collector Work Station from Partlow for Cottage 10D, for the entire 24-hour periods of the dates identified in RFP #4 herein above.**

Once such individuals are identified (by the Plaintiff's review of the Accountability Sheets described in the response to interrogatory #2 of Plaintiff's First Interrogatories, it can be determined if such surveillance video tapes exist.

8.   **Produce any and all scan questionnaires for any employees of the Department who were subjected to scan questionnaires relating to the alleged rape, alleged abuse and/or alleged neglect of Rod Gooden for the dates identified in RFP #4 herein above.**

11

The Defendant does not use "scan questionnaires" and does not know what "scan questionnaires" are.

9.  **Produce any and all scan questionnaires for any employees of the Department who were subject to scan questionnaires in relation to any allegation of abuse or neglect of Rod Gooden from the time he first came to Partlow to the present date.**

The Defendant does not use "scan questionnaires" and does not know what "scan questionnaires" are.

10. **Produce any and all policy and procedure manuals applicable to mental health worker I and II, CTS I's and II's, supervisors, and/or nurses relating to any allegation of abuse and/or neglect of Rod Gooden from the date he first came to Partlow to the present date.**

The following policy manuals exist which contain policies applicable to Mental Health Workers and Nursing Staff: DMH Policy Manual, Partlow Supplements to DMH Policies, Partlow Specific Policies, numerous policy manuals for Partlow departments. Because there are quite a number of policy manuals, it is suggested that the Defendant produce the Tables of Contents of these policy manuals. Then the Plaintiff can select which specific policies he would like to have copies of.

11. **Produce any and all documentation related to background checks on all of the individual employees responsible for the care and/or supervision of Rod Gooden from November 2004 to the present date.**

Once such individuals are identified (by the Plaintiff's review of the Accountability Sheets described in the response to interrogatory #2 of Plaintiff's First Interrogatories, such documents can be reviewed in their personnel files at Partlow.

12. Produce any and all policy and procedures relating to intervention of mental health workers in the assault of patients by co-workers. See for example, <u>Ex Parte Alabama Department of Mental Health & Retardation,</u> 2006 WL 574311, 7 (Ala. 2006) ("DMHMR Policy dictates that Johnson and Marshall should have intervened on Green's behalf.").

There is no DMH policy that specifically addresses such interventions.

13. Produce any and all documentation supporting any claim by the Department, or anyone else, that Rod Gooden, or his legal guardian, consented to Rod Gooden having sexual relations with anyone, including but not limited to co-residents of Partlow.

See response to interrogatory #8 of Defendant's Response to Plaintiff's First Interrogatories.

14. Produce any and all documentation supporting your claim that Rod Gooden had consensual sex with co-resident "T.H." on March 5, 2008.

See response to interrogatory #8 of Plaintiff's First Interrogatories. Also, see Exhibit A to Defendant's Response to Plaintiff's First Interrogatories (item k).

15. Produce any and all "written policies and procedures that prohibit abuse, exploitation, or neglect of consumers in programs operated by "the Department of Mental Health. <u>See</u> Ala. Code § 22-56-7 (1975).

See Exhibit C to Defendants' Response to Plaintiff's First Interrogatories.

16. Produce any and all applications for employment for the following persons:

a. Perry Walker

b. Patrice Johnson

13

c.   James Kelly

d.   Steven Murray

e.   Belinda Smith

f.   Curtis Henry

g.   LaTonya Williams

h.   Gerald Boyd

i.   Alvin Underwood

j.   Keith Young

k.   Mr. Gill, (first name unknown)

l.   K. Miles (first name unknown)

m.   Loretta Thomas

n.   B. Thomas (first name unknown)

o.   Deloris (last name unknown)

p.   Eddie Scroggins

q.   Jackson (first name unknown)

r.   Retha Burton

s.   W. Foster (first name unknown)

t.   Herman Giles

u.   Yarbrough (first name unknown)

v.   B. Owens (first name unknown)

w.   M. Lilly (first name unknown)

x.   And/or any and all other mental health workers, supervisors, nurses, and any and all other employees or independent contractors of the Department, responsible for

**supervising and/or caring for Rod Gooden, from the date he first came to Partlow to the present date.**

Said applications are a part of employee personnel files. The personnel files for the employees listed are available for viewing at Partlow. With respect to item "x", see the Defendant's response to interrogatory #2 of Plaintiff's First Interrogatories. The personnel files of the individuals identified by the Client Accountability Sheets can also be viewed at Partlow.

Respectfully submitted,

Nancy S. Jones
SJIS Att. Code JON032
Attorney for the Alabama Department
of Mental Health

OF COUNSEL:

Alabama Department of Mental Health
and Mental Retardation
Bryce Hospital Legal Office
200 University Boulevard
Tuscaloosa, Alabama 35401
(205) 759-0758

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by hand delivery on this the 25th day of October, 2009.

*[signature]*

J. Michael Comer
Patterson Comer Law Firm
303 Main Ave., Suite A
Northport, Alabama  35476

Stanley J. Murphy
P.O. Box 3163
Tuscaloosa, Alabama  35403