# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

**R.G., a mentally incompetent adult,**  }
**who sues by and through his mother,**  }
**guardian and next friend, C.G.**  }
  }
    **Plaintiff,**  }
  }
**v.**  }  **Case No.: 7:09-CV-1369-RDP**
  }
**ALABAMA DEPARTMENT OF**  }
**MENTAL HEALTH & MENTAL**  }
**RETARDATION; et al.,**  }
  }
    **Defendants.**  }

## **ORDER**

On March 17, 2011, the court was informed that counsel for the mentally incompetent Plaintiff had negotiated a settlement on his behalf for all claims asserted by Plaintiff against Defendants in the above styled case. That same day Plaintiff moved this court to set a *pro ami* hearing for approval of the settlement . (Doc. # 61). The court granted Plaintiff's motion and held a *pro ami* hearing on April 4, 2011. Counsel for both parties and C.G., R.G.'s guardian and next friend, attended the hearing.

At the April 4, 2011 hearing, the court conducted an extensive examination of the facts to determine whether the settlement is in the best interest of the mentally incompetent Plaintiff. Based upon the pleadings before the court, the record in this case, and the information disclosed at the hearing, the court is satisfied that the claims are contested and that success on the merits is not guaranteed were this case to proceed to trial.

The court also heard testimony about the terms and structure of the settlement. The parties revealed the settlement amount on the record at the April 4, 2011 hearing and the court heard evidence that the mentally incompetent Plaintiff will receive the total amount of the settlement proceeds minus expenses and the contingency attorney's fee of 45%. The parties represented that Plaintiff's share of the proceeds will be maintained in a conservatorship with Sidney C. Summey acting as conservator. The court understands that any requests for funds from the settlement must first be approved by the St. Clair county court. The court further notes that C.G., as R.G.'s guardian, is aware of the possible ramifications caused by putting the settlement money in a conservatorship, as opposed to a Medicaid approved trust. C.G. testified that R.G. would be covered by VA benefits.

Based upon the evidence introduced, the court finds that (1) the terms and conditions of the settlement, specifically its amount and structure, are just, fair, and reasonable, (2) approval and confirmation by the court of the settlement agreement is in the best interests of the mentally incompetent Plaintiff, and (3) the contingency fee charged by the mentally incompetent Plaintiff's attorneys is reasonable, fair, and customary for cases such as this litigated in this court and the state courts of Alabama.

It is therefore **ORDERED** that the settlement of the parties in this matter is due to be, and therefore is, **APPROVED**. The parties to the agreement are hereby **ORDERED** to conform to the terms and conditions of the agreement as laid out on the record in the April 4, 2011 hearing, which are incorporated herein by reference.

Accordingly, the court hereby **ORDERS** that this action shall be, and is, **DISMISSED WITHOUT PREJUDICE**. The parties are **DIRECTED** to submit a joint stipulation of dismissal

once all settlement documentation is complete, but not later than **forty-five (45) days** from the entry date of this Order, at which time the court will dismiss this matter with prejudice.

 **DONE** and **ORDERED** this  5th  day of April, 2011.

                _____
                **R. DAVID PROCTOR**
                UNITED STATES DISTRICT JUDGE